Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Spencer L. Pfeiff (SBN 343305)
Spencer@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

Daniel G. Shay (SBN 250548)
Dan@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

AMANDA SKEEN,

Plaintiff,

vs.

HYUNDAI CAPITAL AMERICA, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC,

Defendants.

Case No.: 3:25-cv-02877-GPC-BLM

FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE:

FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.

CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785 ET SEQ.

JURY TRIAL DEMANDED

## INTRODUCTION

1. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq, to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature also determined that accurate credit reporting is vital and enacted the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq.

3. Amanda Skeen ("Plaintiff") brings this action to challenge the conduct of Hyundai Capital America ("Hyundai" or "Hyundai-Genesis"), Equifax Information Services LLC, ("Equifax"), Experian Information Solutions, Inc, ("Experian"), and Trans Union LLC, ("Trans Union"), collectively "Defendants" with regard to continued misrepresentations of Plaintiff's personal liability for an inaccurate debt.

4. Plaintiff makes these allegations based on personal knowledge and investigation conducted by Plaintiff's attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of a Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 28 U.S.C. § 1367 for supplemental state claims.

9. The action arises out of Defendants' violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq.

10. Because Defendants conduct business in the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district, (ii) the conduct complained of herein occurred within this judicial district and (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES & DEFINITIONS**

12. Plaintiff is a natural person who resides in San Diego County and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3 (b).

13. Hyundai is a finance company headquartered in California that conducts business in San Diego County. Hyundai is a furnisher of information under 12 CFR § 1022.41(c) because it regularly, and in the ordinary course of business, furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in consumer reports. Hyundai also furnishes information to consumer reporting agencies about consumer transactions or experiences with

consumers like Plaintiff and is bound by U.S.C. 1681s-2. Hyundai is a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

14. Equifax is a LLC headquartered in Georgia that does business in San Diego County. It is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

15. Experian is a corporation headquartered in California that does business in San Diego County. It is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

16. Trans Union is a LLC headquartered in Illinois that does business in San Diego County. It is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17. Defendants are "person[s]" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j).

18. The causes of action herein pertain to Plaintiff's "consumer report[s]" under 15 U.S. Code § 1681a(d) and Plaintiff's "consumer credit report[s]" under Cal. Civ. Code § 1785.3(c), in that inaccurate representations of Plaintiff's credit worthiness, credit standing and credit capacity were made via written, oral, or other communications of information by consumer credit reporting agencies, which was used or expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

19. On or about October 9, 2024, Plaintiff entered into a motor vehicle lease agreement for a 2025 Genesis GV80 (the "Vehicle") from Genesis of Kearny Mesa, located at 4797 Convoy Street, San Diego, California 92111 (the "Dealership").

20. Pursuant to the terms of the lease agreement, Plaintiff's monthly lease payments were due on the 9th day of each month and payable to Hyundai-Genesis.

21. At the time the lease was executed, Plaintiff satisfied all of Plaintiff's financial obligations related to the lease.

22. Accordingly, Plaintiff's next scheduled lease payment thereafter was due on December 9, 2024.

23. Plaintiff was advised by representatives of the Dealership that prior to the December 9, 2024, payment due date, Plaintiff would receive a billing statement with payment instructions by mail.

24. However, Plaintiff did not receive any billing statement, invoice, payment instructions, or any other communication from Hyundai-Genesis or the Dealership regarding the December 9, 2024, payment.

25. In December 2024, Plaintiff repeatedly contacted Hyundai-Genesis and the Dealership on multiple occasions to obtain payment instructions, receive a billing statement or invoice, and most importantly to remit her lease payment. On multiple occasions Plaintiff contacted both Hyundai-Genesis and the Dealership to advise that she had not received any billing statement or payment instructions.

26. Plaintiff requested that Hyundai-Genesis or the Dealership provide her with the necessary information and documentation so that Plaintiff could make the December 2024 lease payment.

27. Hyundai-Genesis informed Plaintiff that the Dealership was responsible for mailing the required payment materials, while the Dealership directed Plaintiff to contact Hyundai-Genesis for such information.

28. As a result of being redirected between Hyundai-Genesis and the Dealership, neither provided any information as to how Plaintiff could make her December 2024 lease payment. As a result, Plaintiff was unable to to make the December 2024 payment. Hyundai-Genesis subsequently reported to Equifax, Experian, and TransUnion that Plaintiff's December 2024 payment was thirty (30) days late.

29. The reported delinquency was inaccurate. Plaintiff made diligent and good-faith efforts to remit the December 2024 payment but was prevented from doing so due to Hyundai-Genesis's own administrative failures and lack of communication.

30. Between December 2024 and February, 2025, Plaintiff repeatedly contacted Hyundai-Genesis and the Dealership in an effort to make the payment and obtain a billing statement.

31. Despite her repeated efforts, Plaintiff was not provided with clear instructions or directed to any representative capable of resolving the issue.

32. On or about January 17, 2025, Plaintiff was contacted by Hyundai-Genesis's collections department. Plaintiff explained that she had been attempting to make the payment but was still unable to do so due to Hyundai-Genesis's failure to provide access or payment instructions.

33. On or about January 20, 2025, Plaintiff was granted access to Hyundai-Genesis's online payment portal for the first time.

34. Plaintiff immediately created an online account and attempted to make a payment in the amount of $3,578.96 to cover her December 2024, January 2025, and February 2025 lease payments.

35. Plaintiff believed the issue was resolved until she received notice that an error had occurred and the payment had not been processed.

36. On or about February 4, 2025, Plaintiff again attempted to remit the $3,578.96 payment, but once again received an error notice indicating that the payment would not be processed.

37. On or about February 5, 2025, Plaintiff made a third attempt to remit the $3,578.96 payment, which was accepted and processed.

38. However, shortly thereafter, Plaintiff discovered that Hyundai-Genesis had also processed the prior February 4, 2025, payment attempt, despite previously indicating that it had failed.

39. As a result, Hyundai-Genesis withdrew a total of $7,157.92 from Plaintiff's account, effectively charging Plaintiff twice without authorization.

40. Due to Hyundai-Genesis's deficient payment systems and mismanagement, Plaintiff experienced both an inability to make timely payments and an improper double withdrawal.

41. Despite Hyundai-Genesis's errors, Hyundai-Genesis continues to report inaccurately to Equifax, Experian, and TransUnion that Plaintiff was thirty (30) days late on her December 2024 payment.

42. Since obtaining access to the online portal, Plaintiff has made multiple efforts to have Hyundai-Genesis correct the inaccurate credit reporting.

43. Plaintiff has explained in numerous phone calls and written correspondence that her inability to remit the December 2024 payment on time was the direct result of Hyundai-Genesis's failure to provide billing statements, payment instructions, or any viable means of payment.

44. On or about April or May 2025, Plaintiff contacted Hyundai-Genesis to formally dispute the inaccurate credit reporting and was informed that an internal investigation would be initiated.

45. On or about May 23, 2025, Plaintiff followed up with Hyundai-Genesis and was advised that her dispute had been escalated to a specialized group and assigned Case ID No. 1-54265282133.

46. On or about June 9, 2025, Plaintiff received a voicemail from an escalation department representative named "Moline," who provided a callback number.

47. Plaintiff made multiple attempts to return Moline's call, leaving several voicemails over the following weeks, but received no response.

48. Plaintiff subsequently contacted Hyundai-Genesis customer service and was informed that voicemails were often not checked due to high call volume.

49. Shortly thereafter, Plaintiff received written correspondence from Hyundai-Genesis stating that her dispute case had been closed on the grounds that

Hyundai-Genesis had been unable to contact Plaintiff to obtain more information related to the dispute.

50. Plaintiff again contacted Hyundai-Genesis customer service and attempted to speak with "Moline" directly and was told that Plaintiff would receive a call back. Yet, Plaintiff never received a call back.

51. Plaintiff contacted Hyundai-Genesis customer service once again and was advised that Moline would call her back on June 25, 2025, between 10:30 a.m. and 12:00 p.m. Central Time. Plaintiff did not receive the promised call.

52. Plaintiff again attempted to reach Moline using the callback number left on June 9, 2025, and when that proved unsuccessful, contacted Hyundai-Genesis customer service once more. Plaintiff was then informed that Moline had no intention of speaking with her and was instructed to submit a written complaint, which she did.

53. Despite Plaintiff's good-faith and repeated attempts to resolve the matter, Hyundai-Genesis failed to take any corrective action or communicate meaningfully regarding the dispute.

54. On or about August 25, 2025, Plaintiff submitted written dispute letters to Equifax, Experian, and TransUnion pursuant to 15 U.S.C. § 1681i(a).

55. Plaintiff's disputes contained sufficient identifying information for Equifax, Experian, Trans Union, and Hyundai-Genesis to locate Plaintiff's auto lease account. Such identifying information included Plaintiff's: (i) name, (ii) address; (iii) last four of Plaintiff's social security number; (iv) date of birth; (v) phone number; (vi) email address; (vii) Hyundai-Genesis auto lease account number; (viii) a screenshot of the inaccurate account as reflected on Plaintiff's credit report; and (ix) a copy of Plaintiff's California driver's license.

56. Plaintiff's dispute letters clearly set forth the factual inaccuracies, explaining that the December 2024 "30-day late" notation was false because Hyundai-Genesis's own administrative failures prevented Plaintiff from making the payment timely.

57. Plaintiff's dispute letters also expressed her frustration and emphasized that she had exercised diligence and good faith in attempting to comply with the lease terms, and that Hyundai-Genesis's conduct resulted in unwarranted harm to her credit standing.

58. Upon information and belief, Equifax, Experian, and TransUnion timely notified Hyundai-Genesis of Plaintiff's dispute and forwarded the documents Plaintiff provided in support thereof.

59. Hyundai-Genesis was required to conduct reasonable reinvestigations into its consumer reporting on Plaintiff's consumer reports pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

60. Plaintiff's Equifax, Experian, and Trans Union disputes explicitly established the need for Hyundai-Genesis to conduct investigations into the Hyundai-Genesis tradelines.

61. In Response to Plaintiff's August 25, 2025, dispute letters, Experian and Trans Union verified the Hyundai-Genesis tradeline as being reported accurately.

62. To date, Equifax has not responded to Plaintiff's dispute letter and through this conduct has violated 15 U.S.C. § 1681i(a)(6).

63. Equifax, Experian, and Trans Union were required to conduct reasonable reinvestigations into the specific tradelines on Plaintiff's consumer reports under 15 U.S.C. § 1681i.

64. Equifax, Experian, and Trans Union did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant" under 15 U.S.C. § 1681i(a)(3).

65. Hyundai-Genesis failed to review all relevant information provided by Plaintiff in Plaintiff's written disputes, as required by 15 U.S.C. § 1681s-2(b)(1)(B).

66. As a result of its faulty investigation, Hyundai-Genesis failed to report accurate results to the consumer reporting agencies in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

67. Due to Hyundai-Genesis's failure to conduct reasonable reinvestigations, Defendants failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E).

68. Despite receipt of exculpatory information regarding inaccurate and misleading information on Plaintiff's consumer reports, Defendants verified the inaccurate information and credit reporting.

69. Through this conduct, Hyundai-Genesis violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should have known was inaccurate.

70. Hyundai-Genesis's investigations, if any, were completely and totally ineffective and unreasonable.

71. Plaintiff's disputes provided Defendants with at least 30 days of notice prior to filing this action.

72. To date, the inaccurate information remains on Plaintiff's credit reports and Hyundai-Genesis continues to furnish negative information related to the tradelines every thirty days.

73. Plaintiff's continued efforts to correct Defendants' erroneous and negative credit reporting were fruitless.

74. Defendants' continued inaccurate and negative reporting on Plaintiff's consumer reports, in light of Defendants' knowledge of the actual errors, was willful or at a minimum, was reckless.

75. Accordingly, Defendants willfully failed to comply with Defendants' duty to reasonably investigate Plaintiff's disputes.

76. Plaintiff has spent hours upon hours dealing with this inaccurate information and provided all information needed for the reinvestigations.

77. Despite the thoroughness and specificity of Plaintiff's written disputes, Defendants failed to conduct a reasonable investigation or consider the specific information, documentation, and evidence provided by Plaintiff.

78. As a result of Defendants' failure to accurately investigate and correct the erroneous information, Defendants continued to furnish false and misleading credit information concerning Plaintiff, thereby causing substantial and ongoing harm.

79. Defendants' inaccurate reporting caused Plaintiff's credit score to significantly decrease and portrayed Plaintiff as an individual who neglects or avoids financial obligations, which is demonstrably false and damaging to Plaintiff's reputation and financial credibility.

80. Plaintiff initially leased the Vehicle in anticipation of starting a family. In furtherance of that goal, Plaintiff underwent costly fertility treatments.

81. Around May 2025, in order to continue financing her fertility treatments, Plaintiff applied for a Home Equity Line of Credit ("HELOC"). Plaintiff's HELOC application was denied, with the lender expressly citing "lates with Hyundai-Genesis Finance" as the reason for denial.

82. As a direct and proximate result of Defendants' inaccurate and derogatory reporting, Plaintiff has been denied essential credit, including the HELOC, which was vital to her financial stability and ability to continue fertility treatment. The denial of credit and Defendants' continued misreporting have caused Plaintiff to suffer anxiety, frustration, fear, stress, sleeplessness, nervousness, and embarrassment.

83. As a direct and proximate result of Defendants' willful and negligent conduct, Plaintiff has sustained actual damages, including but not limited to: denial of credit; financial hardship affecting Plaintiff's fertility treatment; loss of wages; a decrease in credit score and overall creditworthiness (Hyundai-Genesis Finance being the only derogatory item on Plaintiff's consumer reports); time expended reviewing credit reports, preparing and mailing dispute letters, and attempting to resolve the errors; attorneys' fees; loss of credit and potential credit opportunities; and emotional distress, mental anguish, humiliation, and embarrassment.

84. Plaintiff has spent countless hours attempting, without success, to correct the inaccurate, misleading, and derogatory information that Defendants furnished regarding her credit history.

85. Having exhausted all reasonable avenues to resolve these issues directly with Defendants, Plaintiff was left with no alternative but to initiate this legal action to obtain relief and to compel Defendants' compliance with their statutory duties.

86. Based on the foregoing facts, Plaintiff alleges that Defendants' actions and omissions were willful, malicious, and in reckless disregard of Plaintiff's rights under the Fair Credit Reporting Act and related state law. Accordingly, Plaintiff contends that an award of punitive damages is warranted and appropriate in this matter.

**CAUSES OF ACTION**

**COUNT I**

**THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

89. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1) and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from each Defendant.

90. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages and statutory damages of $1,000 for each violation, including each entry and each month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2);

and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

**COUNT II**

**THE CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE § 1785.1, ET SEQ.**

**[AGAINST HYUNDAI-GENESIS]**

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

93. In the regular course of its business operations, Hyundai-Genesis routinely furnishes information to credit reporting agencies pertaining to transactions between Hyundai-Genesis and its consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

94. Hyundai-Genesis is, and always was, obligated to not furnish information on specific transactions or experiences to any consumer credit reporting agency if it knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

95. Since Hyundai-Genesis received all information and documents required to determine the inaccuracy of its furnishing, it should have known to update the information.

96. Hyundai-Genesis should have determined that its reporting was inaccurate through review of its own account notes and records and because of the information provided with Plaintiff's disputes.

97. As a result of each and every willful violation of the CCRAA, Plaintiff is entitled to actual damages, punitive damages and statutory damages of $5,000 for each violation, including each entry and each month of reporting, and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1785.31.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- FCRA - An award of actual damages, in an amount to be determined at trial against all Defendants for each incident of willful noncompliance of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- FCRA - An award of $1,000 statutory damages for each incident of willful noncompliance of the FCRA against all Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- FCRA - An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against all Defendants for each incident of willful noncompliance to the FCRA;
- FCRA - An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against all Defendants for each incident of negligent noncompliance of the FCRA;
- FCRA - An award for costs and reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(2) against all Defendants for each incident of noncompliance of the FCRA;
- CCRAA - An award of any actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(1)&(2) against Hyundai-Genesis;
- CCRAA - An award of statutory damages of $5,000 per willful violation of Cal. Civ. Code § 1785.25(a) pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Hyundai-Genesis;
- CCRAA - Award of attorney fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d) against Hyundai-Genesis;
- General damages according to proof;
- Special damages according to proof;

- Punitive damages according to proof;
- For equitable and injunctive relief;
- Any other relief the Court deems just and proper.

Date: January 12, 2026

SWIGART LAW GROUP, APC

By: *s/ Spencer L. Pfeiff*
Spencer L. Pfeiff, Esq.
Spencer@SwigartLawGroup.com
Attorney for Plaintiff

Date: January 12, 2026

SHAY LEGAL, APC

By: *s/ Daniel G. Shay*
Daniel G. Shay, Esq.
Dan@ShayLegal.com
Attorney for Plaintiff